UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 99-1475

JOHN N. DENNETT; GRAFTON G. DIETZ, JR.;
STEPHANIE DIETZ; BRIAN L. BOND, and all other
employees of the Anne Arundel County Fire
Department similarly situated; KAREN ESTEPP;
MICHELE DELALLA; MARA L. EICENS; KENNETH L.
PARDOE; MICHAEL CONNOR; PETER G. STALEY;
STEVEN K. FRYE; MARIANNE C. ANDERSON; JAMES
DAVID KRUGER; MICHAEL J. MARSIGLIA; CECILIA
WARREN; DAVID WILLIAMS; ROLAND K. FINK, JR.;
DOUGLAS G. FISHEL, JR.; FRANK R. STAMM; KEITH
D. SWINDLE; JOHN STEVEN THOMPSON,

Plaintiffs - Appellants,

versus

ANNE ARUNDEL COUNTY, MARYLAND,

Defendant - Appellee.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Walter E. Black, Jr., Senior District
Judge. (CA-96-1448-B)

Submitted: April 20, 2000                    Decided: May 1, 2000

Before WILKINSON, Chief Judge, and WIDENER and TRAXLER, Circuit
Judges.

Affirmed by unpublished per curiam opinion.

Francis J. Collins, KAHN, SMITH & COLLINS, P.A., Baltimore, Maryland, for Appellants.  Linda M. Schuett, County Attorney, John F. Breads, Jr., Senior Assistant County Attorney, Annapolis, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Appellants appeal the district court's order granting Anne Arundel County's second motion for reconsideration and its motion for summary judgment on Appellants' claim of unlawful retaliation in violation of the Fair Labor Standards Act (FLSA). See 29 U.S.C. § 215(a)(3). We have reviewed the record and the district court's opinion and find no reversible error.

We conclude Appellants failed to establish a prima facie case of retaliation under the FLSA. See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Conner v. Schnuck Mkts., Inc., 121 F.3d 1390, 1394 (10th Cir. 1997) (applying McDonnell Douglas burden-shifting scheme to FLSA retaliation claim). Furthermore, even if Appellants established a prima facie case for retaliation, they failed to show the County's legitimate, nondiscriminatory reason for its actions was pretextual. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253-54 (1981).

Accordingly, we affirm the district court's order based upon its reasoning stated from the bench. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED